Award affirmed, with costs to the State Industrial Board, on the authority of *Matter of Bernstein* v. *Hoffman* (219 App. Div. 152); *Matter of Rubenstein* v. *Pechter Baking Co.* (224 id. 324; affd., 249 N. Y. 433); *Matter of Wells* v. *General Carbonic Co.* (224 App'. Div. 805); *Matter of Rounds* v. *Davis Furniture Co.* (250 N. Y. 405). The toe is recognized by the statute (Workmen's Comp. Law, § 15, subd. 3, ¶ h) as a member separate and apart from the foot (Workmen's Comp. Law, §. 15, subd. 3, ¶ d) and an injury to the toe and also to ankle of the same foot is properly compensated under paragraph u of subdivision 3 of section 15 of the Workmen's Compensation Law.█ Hinman, Davis, Whitmyer and Hill, JJ., concur; Van Kirk, P. J., dissents, and votes for reversal and to remit claim, with a memorandum.

VAN KIRK, P. J. (dissenting). The award should be for loss of use of the foot. The entire disability here is due to the loss of the use of the foot as a walking member. The metatarso-phalangeal joint is the joint between the metatarsal bone and the proximal phalange of the big toe. The metatarsal bone is a part of the instep of the foot as the palm is part of the hand. The proximal phalange is that art of the big toe which is a part of the metatarso-phalangeal joint. There is no present limitation of motion in the ankle, but there is a limitation owing to the enlargement of this joint; the enlargement is occasioned by a bony spur or enlargement on both the metatarsal bone and the toe bone. It is the end of this metatarsal bone, not the toe bone, that was " chipped." This joint, at the base of the toe and the end of the metatarsal bone, is a part of the foot. The big toe is used in walking as are other parts of the foot. Where an injury has been sustained to the hand proper as well as to digits thereof awards have been made for loss of use of the hand.

In the Matter of the Claim of ANTOINE MOSE, Respondent, against TUPPER LAKE CHEMICAL COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Award reversed and claim remitted, with costs against the State Industrial Board to abide the event, on the consent of the Attorney-General, on the ground that after the case was closed a report from Dr. Lewy was received in evidence and was used in the finding without opportunity on the part of the employer and the carrier to examine Dr. Lewy as a witness. Van Kirk, P. J., Hinman, Davis, Whitmyer and Hill, JJ., concur.

COLONIAL MOTOR COACH CORPORATION, Plaintiff, v. CITY OF ALBANY and Others, Defendants.— The motion is granted, and the restraining order vacated, on the authority of *Kittinger* v. *Buffalo Traction Company* (160 N. Y. 377); McQuillin Mun. Corp. (Vol. 2 [2d ed.], § 741); Corpus Juris (Vol. 32, § 412). Present — Van Kirk, P. J., Hinman, Davis, Whitmyer and Hasbrouck, JJ.

In the Matter of the Claim of FRANK BUSACCA, Appellant, against WILLIAM F. KENNY COMPANY and Another, Respondents. STATE INDUSTRIAL BOARD, Respondent.— Motion granted, unless the appellant perfects his appeal on or before October 19, 1929, in which event motion is denied. Present — Van Kirk, P. J., Davis, Whitmyer, Hill and Hasbrouck, JJ.

In the Matter of the Claim of SARAH E. PRICE and Others, Respondents,